IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: WILMINGTON TRUST CORP. )<br>ERISA LITIGATION )<br>)<br>) | Civ. No. 10-1114-SLR |

**MEMORANDUM ORDER**

At Wilmington this 4th day of September, 2013, having considered plaintiffs Julie Gray and James Bradford's motion to proceed without class certification and the papers submitted therewith;

IT IS ORDERED that said motion (D.I. 56) is granted, for the reasons that follow:

1. **Background.** On December 20, 2010, plaintiffs Karen Outten and James Bradford ("plaintiffs Outten and Bradford," respectively), individually and on behalf of all others similarly situated, filed suit under the Employee Retirement Income Security Act ("ERISA"), ERISA § 502(a), 29 U.S.C. § 1132(a), against Wilmington Trust Corporation, et al.[1] (D.I. 1 at ¶ 1) On January 31, 2011, plaintiff Julie Gray ("plaintiff Gray"), on behalf of herself and persons similarly situated, instituted a similar ERISA litigation against Wilmington Trust Corporation, et al.[2] (D.I. 1 at ¶¶ 8-20 in 11-00101)

---

[1] Plaintiffs Outten and Bradford named the following defendants: Wilmington Trust Corporation, Wilmington Trust Company, Wilmington Trust Corporation Employee Benefits Committee, David R. Gibson, Gary E. Butler, Rebecca A. DePorte, Michael A. DiGregorio, William J. Farrell II, I. Gail Howard, Kevin N. Rakowski, Diane M. Sparks, and Doe Defendants 1-10. (D.I. 1 at ¶¶ 18-33)

[2] Plaintiff Gray named the following defendants: Wilmington Trust Corporation, Wilmington Trust Company, The Wilmington Trust Corporation Employee Benefits Committee, David R. Gibson, Rebecca A. DePorte, Michael A. DiGregorio, William J.

After reviewing competing motions for consolidation and appointment of lead counsel (D.I. 23; D.I. 26), on March 15, 2012, the court ordered the cases consolidated and appointed Interim Lead and Co-Lead counsel. (D.I. 35; D.I. 36) On May 25, 2012, plaintiffs Gray, Outten, and Bradford[3] filed an amended consolidated complaint ("complaint") against all defendants[4] (collectively "defendants"). (D.I. 38) On May 3, 2012, the court granted in part and denied in part defendants' Rule 12(b) motion to dismiss, in part concluding that plaintiff Outten lacked constitutional standing. (D.I. 51; D.I. 52) On June 6, 2012, plaintiffs Gray and Bradford ("plaintiffs") filed a first amended complaint (D.I. 55) and defendants answered on July 1, 2013. (D.I. 59) The court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

2. **Standard.** Section 502(a)(2) of ERISA authorizes a plan participant to bring a civil action "for appropriate relief under [Section 409]." Section 409 provides that a fiduciary who breaches the duties imposed upon fiduciaries under ERISA "shall be liable to make good to such plan any losses to the plan resulting from each such breach . . . ." Section 502(a)(2) claims are "brought in a representative capacity on behalf of

---

Farrell II, I. Gail Howard, Kevyn N. Rakowski, Diane M. Sparks, Gary E. Butler, and Ted T. Cecala. (D.I. 1 at ¶¶ 8-20 in 11-00101)

[3]Filed on their own behalf, on behalf of the Wilmington Trust Company Thrift Savings Plan ("plan"), and on behalf of similarly situated participants and beneficiaries of the plan.

[4]Wilmington Trust Employee Benefit Administrative Committee; Wilmington Trust Corporation and Wilmington Trust Company (collectively "corporate defendants"); Ted T. Cecala, David R. Gibson, Rebecca A. DePorte, Michael A. DiGregorio, William J. Farrell II, I. Gail Howard, Kevin N. Rakowski, Diane M. Sparks and Gary E. Butler (collectively "individual defendants"). As needed, each individual defendant will be referred to as "defendant 'last name.'"

the plan" and provide recovery only for the plan. *Coan v. Kaufman*, 457 F.3d 250, 259-261 (2d Cir. 2006) (citing *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 140 (1985)); *LaRue v. DeWolff, Boberg & Assocs.*, 552 U.S. 248, 261 (2008) (Thomas, J., concurring).

3. The Second Circuit[5] has reasoned "that the representative nature of the section 502(a)(2) right of action implies that plan participants must employ procedures to protect effectively the interests they purport to represent." *Coan*, 457 F.3d at 259 (citing *Massachusetts Mut. Life*, 473 U.S. at 142 n.9). As Congress has remained silent on the issue of making such actions permissive or mandatory class actions, "the procedures necessary to protect absent parties, and to prevent redundant suits, [must] be worked out by parties and judges according to the circumstances on a case by case basis." *Id.* at 260. To discharge his or her duty to proceed on behalf of the plan, "the requirement is only that the plaintiff take adequate steps under the circumstances properly to act in a 'representative capacity on behalf of the plan.'" *Id.* at 261 (citing *Massachusetts Mut. Life*, 473 U.S. at 142 n. 9).

4. **Discussion.** Defendants argue that similarly to the situation in *Coan*, plaintiffs have not taken any safeguards to insure that this action will benefit other plan participants. Plaintiffs respond that, as any recovery inures to the plan, plaintiffs have

---

[5]The Third Circuit has not analyzed whether class certification is required, but has cited to the *Coan* decision with approval for other issues. *See Santomenno ex rel. John Hancock Trust v. John Hancock Life Ins. Co. (U.S.A.)*, 677 F.3d 178, 188 (3d Cir. 2012) (concluding that Section 502(a)(2) actions have no requirement for pre-suit demand upon the trustees or joinder of the trustees), *cert. denied*, 133 S. Ct. 529 (2012); *Graden v. Conexant Sys. Inc.*, 496 F.3d 291, 297 (3d Cir. 2007) (using *Coan's* analysis of whether employees who accept lump-sum distributions still qualify as participants for purposes of an ERISA defined contribution plan).

every incentive to maximize the plan's recovery and will only receive their share of any such recovery. The court previously ordered the cases consolidated and "that all future actions arising under ERISA in connection with the above claims shall be similarly consolidated." (D.I. 35 at 8) Further, the court appointed lead counsel to best serve the interests of the plan participants. (D.I. 35 at 15)

5. The court recognizes the need for the plaintiffs at bar to fairly represent all potential plaintiffs, as well as for this action to be structured in a manner that will bind all plan participants to court holdings and prevent multiple further lawsuits.[6] To this end, the court concludes that plaintiffs have been acting in a representative capacity, seeking to recover losses incurred by the plan as a whole due to alleged fiduciary breaches. In both the amended complaint and first amended complaint, plaintiffs filed on their own behalf, on behalf of the plan, and on behalf those similarly situated participants and beneficiaries of the plan.

6. For these reasons, the court concludes that plaintiffs may continue to pursue their claims as individuals acting in a representative capacity and requires this action to be governed by Federal Rule of Civil Procedure 23.1 in all respects, except that plaintiffs are not required to comply with the pleading requirements set forth by Federal Rule of Civil Procedure 23.1(b). *See e.g., Fish v. Greatbanc Trust Co.*, 667 F. Supp. 2d

---

[6]During the two and a half year pendency of the litigation at bar, no other cases have been filed. Further, ERISA's statute of limitations generally provides that a claim for fiduciary breach must be commenced within the earlier of three years of the date the plaintiff obtained "actual knowledge" of the breach or violation forming the basis for the claim, or six years after the breach or violation. 29 U.S.C. § 1113. In cases of "fraud or concealment," an action must be brought within six years of knowledge of the breach. *Id.*

949 (N.D. Ill. 2009).

7. **Conclusion.** Based on the foregoing, the court grants plaintiffs' motion to proceed without class certification (D.I. 56).

                                                                           _____
                                                                      United States District Judge